# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Submitted on Briefs September 28, 2000

## PAUL FARNSWORTH, a/k/a RONNIE BRADFIELD v. DONITA MOORE, ET AL.

**Direct Appeal from the Circuit Court for Bledsoe County**
**No. 2056     Thomas W. Graham, Judge**

_____FILED DECEMBER 27, 2000_____

**No. E2000–01623-COA-R3-CV**

The Plaintiff, an inmate of the penal system of this State, sues the Warden of the Southeastern Tennessee State Regional Correctional Facility and certain other officials of the facility seeking monetary damages and an injunction based on five separate causes of action. The Trial Court dismissed his complaint, finding that because he refused to submit to a medical evaluation provided by the Defendant pursuant to the orders of the Court, the Court was unable to make an evaluation and as a result of his violation of Tenn.R.Civ.P. 41.02, dismissed his suit. We affirm.

**Tenn.R.App.P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Paul Farnsworth, a/k/a Ronnie Bradfield, Henning, Tennessee, Appellant, Pro Se

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, and Pamela S. Lorch, Assistant Attorney General, Nashville, Tennessee, for the Appellees Donita Moore, et al.

## OPINION

Paul Farnsworth, a/k/a Ronnie Bradfield,[1] seeks damages from James Bowlen, Warden of the Southeastern Tennessee State Regional Correctional Facility, and certain other officials of the Correctional Facility. He seeks damages alleging five separate causes of action which are set out in the Appendix to this opinion.

---

[1] Ja-Ja Atu-Mani, a/k/a Curtis Gouldin, was also a plaintiff in the complaint. However, his case was dismissed on motion of the Defendants prior to resolution of Mr. Farnsworth's case and the decision was not appealed.

The Trial Court ultimately found that Mr. Farnsworth had "refused to submit to a medical evaluation provided by the Defendant pursuant to the orders of this Court." The Court then found that it was impossible for it to make an evaluation and, because Mr. Farnsworth was in direct violation of Tenn.R.Civ.P. 41.02,[2] dismissed his suit.

Our review of the record persuades us that the Trial Court did not abuse his discretion in dismissing the case and his action was appropriate under the circumstances.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Mr. Farnsworth.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE

---

[2] **41.02. Involuntary Dismissal – Effect Thereof.** (1) For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.